■ CLAYTON A. RUGG, JR., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 31178.) — Appeal by the State from a judgment of the Court of Claims which awarded damages to claimant for personal injuries in the sum of $19,770.04, with interest and costs. Claimant cross-appeals on the ground the award was inadequate. This claim was tried once before and dismissed by the Court of Claims on the ground that the State's negligence in maintaining a dangerous highway situation without adequate warning signs was not the proximate cause of the accident. This court reversed the dismissal and held that the State's failure to post adequate warning signs could not be ruled out as one of the proximate causes of the accident, but left open the issue of whether claimant was contributorily negligent, an issue which the Court of Claims did not reach (*Rugg* v. *State of New York,* 284 App. Div. 179). After the second trial of the claim, at which no additional testimony was taken, the Court of Claims found claimant free from contributory negligence. The State now argues, in part, that the court below mistakenly treated our reversal of its prior decision as a mandate to find a judgment against the State. Such a conclusion is not justified by the record. We merely pointed out that claimant was not necessarily to be charged with contributory negligence because he once knew of the danger and suffered a momentary lapse of memory at a time when he needed the knowledge; but we clearly left it for the trier of facts to determine whether the failure of claimant to have the danger in mind was, under the circumstances, sufficient to charge him with conduct falling below the standard of a reasonably prudent man. Doubtless the issue of contributory negligence presented a close question of fact in this case. It frequently is in cases of this character. But nothing we have said conflicts with the principle enunciated in the cases cited by the State. It can hardly be justly said that claimant had an intimate acquaintance with the dangerous situation he encountered. The most that can be said on that score is that his knowledge was casual. In the light of that fact it was peculiarly within the province of the trier of the facts to appraise his conduct. We find nothing which impels us to disagree with the conclusion of the court below that claimant was free from contributory negligence. Judgment unanimously affirmed, with costs. Cross appeal of claimant dismissed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.