■ BERNICE GILLIAM et al., Respondents, v. S. M. JOHNSON, INC., Doing Business under the Name of JOHNSON'S TRUCK LINES, Appellant, et al., Defendant.— In an action to recover damages for injuries to person and property, the defendant S. M. Johnson, Inc. appeals: (1) from a judgment of the Supreme Court, Kings County, entered December 4, 1959, after trial by the court without a jury, for $150 in favor of the plaintiff Bernice Gilliam and for $39,291.65 (consisting of a damage award of $39,102.40, plus costs of $189.25) in favor of the plaintiff John Gilliam; and (2) from an order of said court, entered December 16, 1959, denying said defendant's motion to set aside the decision and for a new trial with respect to the plaintiff John Gilliam. Judgment modified on the law and the facts by reducing the amount awarded to the plaintiff John Gilliam for his damages from $39,102.40 to $25,000; and as so modified judgment affirmed, with costs to said defendant. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Appeal from order dismissed, without costs, as academic. In his complaint the plaintiff John Gilliam had demanded judgment in the sum of $25,000, together with costs and disbursements. The issues as to liability were tried first. After a determination in the plaintiffs' favor on those issues, the issues as to damages were tried and both sides rested. In a decision and supplemental decision the trial court awarded $150 to the plaintiff Bernice Gilliam and $37,602.40 to the plaintiff John

Gilliam. In our opinion, the award to the plaintiff John Gilliam was excessive. Moreover, the law is settled that one may not receive a money judgment in a sum greater than that requested in his prayer for relief in the complaint (*Michalowski* v. *Ey*, 7 N Y 2d 71, 75). After trial before a court without a jury this court on appeal may modify the judgment so as to fix damages in an amount not deemed excessive or otherwise improper and to affirm as modified (*Michalowski* v. *Ey, supra*; *Kimmel* v. *Solow*, 10 A D 2d 855). About a week after the decisions awarding damages were rendered, the trial court on its own motion, but apparently as the result of a letter from the plaintiffs' attorneys requesting an opportunity to present additional proof of damages, withdrew its decisions fixing the damages and reopened the trial for the submission of such further motions, applications and proof as either party might care to submit. Prior to the commencement of the reopened trial the plaintiff John Gilliam served notice that upon such trial he would move to amend the *ad damnum* clause and the prayer in the complaint so as to increase to $100,000 the amount claimed by him. Such reopened trial was thereafter held over the objection of said defendant. Upon its completion the trial court granted the motion of the plaintiff John Gilliam to amend the complaint as to his damages. It thereupon awarded $150 to the plaintiff Bernice Gilliam and the sum of $39,102.40 to the plaintiff John Gilliam. We shall assume *arguendo* that, if the plaintiff John Gilliam had sought to recover damages in excess of $37,602.40 in his original complaint, the court, on the informal application by the plaintiffs' attorney after the decision as to damages was rendered, would have had the power to reopen the case and to award damages in excess of the amount first awarded (but see *Nilsen* v. *Nilsen*, 17 Misc 2d 347; *Osann* v. *Sears, Roebuck & Co.*, 205 Misc. 33). Nevertheless, it was an improvident exercise of discretion to entertain and grant the motion to increase the amount sued for from $25,000 to $100,000 after the court had determined liability and fixed damages (*Natale* v. *Pepsi-Cola Co.*, 7 A D 2d 282; *Fiato* v. *News Syndicate Co.*, 195 Misc. 181). Beldock, Acting P. J., Ughetta, Christ and Brennan, JJ., concur; Pette, J., concurs in result.