ELTON D. SCHNEIDER, Respondent, *v.* RICHARD C. MIECZNIKOWSKI, Appellant.

Fourth Department, April 11, 1962.

*Jaeckle, Fleischmann, Kelly, Swart & Augspurger* (*Harry J. Kelly* of counsel), for appellant.

*Miles, Cochrane & Grosse* (*Raymond T. Miles* of counsel), for respondent.

*Per Curiam.* This case again illustrates the fact that rule 113 of the Rules of Civil Practice may not properly be invoked in

automobile accident cases, except in rare instances. It is clear from the record that, if the facts now presented in affidavit form and in the form of an examination before trial of the parties, were presented to a court and jury in regular course upon a trial, the court would not be justified in directing a verdict in favor of the plaintiff but would be required to submit the case to the jury for its determination. In such circumstances, summary judgment may not be granted.

It appears that the plaintiff was the owner of a Ford automobile which he allowed the defendant to drive. The plaintiff remained in the automobile as a passenger in the front seat alongside the defendant. The Ford automobile had a standard automatic gear shift. The defendant owned a 1953 Nash automobile in which the " gears [were] situated differently " and in which there apparently was an extra forward drive for use on " a straight highway ". As the defendant explained upon the examination before trial, while he was traveling between 40 and 50 miles an hour, he had the " idea that [he] was driving [his] car and [he] was going to put it up in high drive and [he] went into reverse which it shouldn't have been in ". When the car went into reverse, the wheels started slipping and the car went off the road.

Momentary forgetfulnes is not negligence as a matter of law (*Rugg* v. *State of New York*, 284 App. Div. 179). " It presents, at most, a question of fact to be determined by the trier of the facts. (*Bassett* v. *Fish*, 75 N. Y. 303; *Young* v. *Syracuse, Binghamton & New York R. R. Co.*, 45 App. Div. 296, 301, affd. 166 N. Y. 227; *Sommerich* v. *Miller*, 291 N. Y. 769.) " (*Rugg* v. *State, supra*, p. 183.)

The order appealed from granting summary judgment in favor of the plaintiff should be reversed and the motion for summary judgment denied.

WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and McCLUSKY, JJ., concur.

Order unanimously reversed, with $25 costs and disbursements and motion for summary judgment denied, with $10 costs.