## (April 29, 1965)

■ OLGA SHTEKLA, Respondent, v. DANIEL R. TOPPING et al., Doing Business as NEW YORK YANKEES, et al., Appellants.— Judgment unanimously vacated on the law, on the facts and a new trial ordered, with $50 costs to appellants. The verdict is against the weight of the credible evidence. Plaintiff, who was attending a baseball game at Yankee Stadium, was injured when a fight broke out between several spectators. Proof of the incident was given by plaintiff and a friend of hers who accompanied her. Virtually every answer given by these two as to what took place was preceded by "I guess" or "I imagine", and all of the testimony was the result of strenuous leading and suggestion. Plaintiff's theory of liability was that there were insufficient guards and that those who finally stopped the melee arrived too late. As to the first contention, the proof is solely that plaintiff did not see any ushers during the course of the game. As her attention was directed to the playing field rather than the grandstand, her testimony in this respect is not probative (*Latourelle* v. *New York Cent. R. R. Co.*, 301 N. Y. 103; 2 Wigmore, Evidence [3d ed.], § 664, p. 778). On the second point, the defendant would not be

liable for the ordinary rudeness and jostling that is the characteristic of crowds at sporting events (*Futterer* v. *Saratoga Assn.*, 262 App. Div. 675) and it is only when something more than that can be expected that reasonable care requires intervention. Here the time element would be significant, and plaintiff's varying estimates of 7 and 10 minutes do not appear to be more than guesses made for the first time at the trial. Furthermore, they have no relation to the time she received the injuries of which she complains. Lastly, some members of the court feel that an instruction given by the court in answer to a juror's question as to liability for the crowd's activity when a foul ball is hit into the stands, while technically accurate, was misleading in that it failed to differentiate between varying situations. Concur — Botein, P. J., Rabin, Eager and Steuer, JJ.; Breitel, J., concurs in a concurring memorandum: I concur only on the ground that the instruction to the jury about defendants' duty with respect to crowd activity when a foul ball is batted into the stands was erroneous and prejudicial.