■ HENRY GROSS, Appellant, v. CITY OF NEW YORK, Respondent.— Judgment affirmed, with $50 costs to the respondent. The jury rendered a verdict for defendant in an action for personal injuries. Plaintiff fell in a hole in the sidewalk. While plaintiff conceded that he was aware of the presence of the hole, he testified that he did not have it in mind at the moment and contended that, under the particular circumstances, the failure to avoid the hole was not contributory negligence. His request for a charge to that effect was denied by the court. We agree that the request was a correct statement of the law, and the court might well have given the charge. It is not, however, reversible error to decline to give every charge requested, even though the charge requested is applicable and correct in form. In the main charge, contributory negligence was correctly defined, and though the jury was not told in specific terms that the failure to have the hole in mind did not per se constitute contributory negligence, the issue whether plaintiff's conduct conformed to the standard of reasonable care was left to them in unexceptionable terms. On a review of the record we believe that the failure to charge as requested was not prejudicial to plaintiff. Concur — Valente, Stevens and Steuer, JJ., Rabin, J. P., and Witmer, J., dissent in the following memorandum by Rabin, J. P.: I dissent and vote to reverse the judgment and order a new trial. The trial court advised the jury that plaintiff would not be guilty of contributory negligence if he " conducted himself as the ordinarily reasonably prudent person would have acted to avoid injury ". Such a charge, albeit general in nature, might have sufficed in a normal case and where no express request to charge in a more specific manner was made. However, in the circumstances of this case I am of the opinion that such instruction was inadequate. It is clear from the record made in this case that whether or not the jury would find for the plaintiff would depend, almost exclusively, on whether or not he was guilty of contributory negligence. There was no question but that plaintiff had known for some time of the existence of the defect in the sidewalk. There was also evidence from which the jury could readily find that plaintiff had ample opportunity to see the defect when he went to take his infant grandchild from the automobile parked at the curb. With such findings of fact, and without any further instruction, the jury could very well have believed that they were obliged to find plaintiff guilty of contributory negligence. In such circumstances the failure of the court to instruct — as requested by plaintiff's counsel that they might find that a reasonably prudent man could be "momentarily forgetful " so that he might enter upon a dangerous condition of which he had prior notice (*Schneider* v. *Miecznikowski*, 16 A D 2d 177; *Rugg* v. *State of New York*, 284 App. Div. 179; *Fiero* v. *New York Cent. & Hudson Riv. R. R. Co.*, 71 Hun 213, affd. *sub nom. Furot* v. *New York Cent. & Hudson Riv. R. R. Co.*, 143 N. Y. 674) — took on a special significance. Had the jury been given such instruction it might well have found for the plaintiff on the theory that the plaintiff, in concentrating on taking the infant from the automobile, could have for the moment forgotten about the hole in the sidewalk behind him, and that such forgetfulness would not constitute unreasonable conduct so as to hold plaintiff as having been contributorily negligent.