■ ELIZABETH WASHINGTON, Respondent, v. LONGVIEW TERRACE APART-MENTS, INC., Appellant.— Judgment, Supreme Court, Bronx County, entered November 13, 1970, after a jury trial, reversed, on the law and facts, and vacated, and a new trial is directed, with costs to abide the event. No evidence was offered by plaintiff that she momentarily forgot how fast the doors closed. Consequently the verdict implying a finding exculpating plaintiff from contributory negligence is against the weight of the evidence. The failure to have in mind

the existence of a dangerous condition at the time one encounters it, even though there had been knowledge of the condition in the past, presents a question of fact. It is for the jury to say whether the failure to have the danger in mind was the result of such poor memory or such inattentiveness on the part of the injured person as to charge her with falling below the standard of a reasonably prudent person. (*Rugg* v. *State of New York*, 284 App. Div. 179, 183; Restatement, Torts, § 289, comments, *f, g*.) Concur — McGivern, J. P., Markewich, McNally and Tilzer, JJ.; Nunez, J., dissents in the following memorandum: I would affirm. Plaintiff is being deprived of the benefits of a jury verdict solely because she did not testify that "she momentarily forgot how fast the doors closed". The plaintiff was holding the door open to allow her grandchild and other small children to pass under her extended left arm. The door slammed shut fast, catching and severing a portion of her left fifth finger. There was evidence of numerous complaints over a six-month period preceding the accident that the doors closed too fast and that they did not have door stops. The question of whether or not the plaintiff acted as a reasonably prudent person would be expected to act under the same or similar circumstances was properly submitted to the jury. We should not disturb its findings. The propriety of plaintiff's conduct, i.e., the issue of contributory negligence, has been traditionally considered to be for the jury. That such an issue is for the jury has been very recently pointedly reasserted by the Court of Appeals in *Rossman* v. *La Grega* (28 N Y 2d 300, 306): "Indeed, the general softening of the rigidities of the doctrine of contributory negligence in New York may be seen in recent cases where the injured person is himself suing and thus has the burden of showing he was not negligent. The tendency is to treat it almost always as a question of fact (*Orwat* v. *Smetansky*, 22 N Y 2d 869; *Luce* v. *Hartman*, 6 N Y 2d 786; *Schuvart* v. *Werner*, 291 N Y 32; and the case of the surviving injured plaintiff in *Tedla* v. *Ellman, supra*). The doctrine has, indeed, been long subjected to critical theoretical attack by commentators on the law of torts. Prosser has observed: ' The history of the doctrine has been that of a chronic invalid who will not die.' He concluded: ' With the gradual change in social viewpoint, stressing the humanitarian desire to see injuries compensated, the defense of contributory negligence has gradually come to be looked upon with increasing disfavor by the courts, and its rigors have been quite extensively modified ' (Prosser, Torts [3d ed.], p. 428). The theories justifying application of the doctrine were regarded by Prosser as ' the antique heritage of an older day ' (p. 428)." The doctrine of contributory negligence has been criticized by many besides Prosser. Indeed the Court of Appeals in *Rossman* (*supra*) labeled it "unsatisfactory" and refused to extend its perimeter wider than they needed to. As in *Rossman*, on any fair analysis of New York law, the question of Mrs. Washington's contributory negligence in standing where she did and keeping her attention focused on her grandson and the other children, was for the jury.