■    KENNETH ZAEPFEL, an Infant, by His Mother and Natural Guardian, JOAN LANG, et al., Appellants, v CITY OF YONKERS et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered October 15, 1975, which is in favor of the defendants upon the trial court's dismissal of the complaint at the close of plaintiffs' case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The matter was tried to a jury, on the issue of liability only (see CPLR 603). On December 31, 1970, at approximately 1:00 P.M., the infant plaintiff, Kenneth Zaepfel, then about six weeks shy of nine years of age, sustained personal injuries while sledding on the grounds of Roosevelt High School in the City of Yonkers. The trial court held that he was on the

premises lawfully as an invitee.* The neighborhood children had the option of using either of two hills. Kenneth first went sleigh riding at "the big hill that most of the kids went" on, which had no natural or artificial physical obstructions. Later, he and two friends took their sleds to the other hill. There the three boys devised a sled train, i.e., with each one lying prone (belly whopping), the feet of the child on the first sled locked into the front of the one behind; and the boy on the second sled (Kenneth) hooked his feet to the front of the third. Using this contrivance they negotiated the decline without incident on the first occasion. The accident that befell Kenneth occurred on the second descent. He was aware that the school authorities had left a snow fence near the foot of the hill. Oddly enough, the fence was not used for snow purposes but was employed to contain the spectators at football games during the fall season. The fence would normally have been dismantled by the school maintenance crew shortly after Thanksgiving Day, but for some unexplained reason it had been left standing. In any event, the three sleds disengaged on the second ride. Kenneth passed successfully by an open portion in the fence, but his right leg caught on a bent rusty pole which was embedded in the ground and supported a portion of the fence. Even though aware of its existence, Kenneth testified "I just didn't notice it". This can be explained under the theory of momentary forgetfulness, which does not constitute negligence as a matter of law (see *Schneider v Miecznikowski,* 16 AD2d 177). On the issue of constructive notice, the superintendent of an apartment building adjoining the school grounds testified that he had observed the bent condition of the fence as early as December 1, 1970, 30 days prior to the accident. And as to giving warning to the neighborhood children of possible dangers, no sign was posted; nor did the school authorities affirmatively attempt to dissuade the children from using this second slope in favor of the "safer" one. The trial court dismissed on the ground that Kenneth was contributorily negligent as a matter of law as well as upon the ground of failure to establish a prima facie case. "The question of contributory negligence ordinarily is a question of fact. It is only when there is no dispute upon the facts and only one conclusion can be drawn therefrom that it may be decided as a question of law" *(Nelson v Nygren,* 259 NY 71, 76; see, also, *Williams v City of Poughkeepsie,* 292 NY 539). At bar we have the natural propensity of children to venture into areas of questionable danger; permission by the school authorities for children to use the premises; and the actions of a soon to be nine year old, who is not to be charged with the same standard of care and caution to be expected of an adult (see *Barker v Parnossa, Inc.,* 39 NY2d 926, 929; *Bowers v City Bank Farmers Trust Co.,* 282 NY 442). All of these factors must be given consideration in appraising the factual circumstances of this case. Thus, on the basis of the testimony adduced upon the trial, questions of fact were presented which, in our view, should have been presented to the jury for determination (see *Londa v Dougbay Estates,* 40 NY2d 1001; *Basso v Miller,* 40 NY2d 233, *supra; Niblo v City of New York,* 45 AD2d 1022). Hopkins, Acting P. J., Cohalan, Damiani and Hawkins, JJ., concur.

---

* The action antedated *Basso v Miller* (40 NY2d 233).