■ LEONARD HALL, Appellant, v SCHEIDELMAN, INC., Respondent, et al., Defendants.—Judgment unanimously reversed, on the law and facts, with costs, and a new trial granted as to defendant Scheidelman, Inc. Memorandum: Plaintiff instituted this negligence action claiming damages for serious injuries received when he fell from a Levelator, a lift designed for the purpose of handling material. At the close of plaintiff's case, the trial court dismissed the suit against all three defendants—the owner of the building where the lift was located, the seller and installer of the lift, and the manufacturer of the lift. Plaintiff appeals only from the dismissal of his action against the owner of the lift. The lift, located in the warehouse of defendant-respondent, a wholesaler grocer, was not dangerous when used for its intended purpose of raising and lowering goods. When used as an elevator, however, it was dangerous due to the absence of any sides, railings, or other protection to prevent a passenger from falling off after the lift was raised. Plaintiff, who had taken goods on to the lift, fell from it while it was being raised. The record shows that he had never been there before and that although there was a "No Passengers Permitted" sign posted inside the warehouse there was no sign which could be seen by those entering the warehouse and the Levelator where plaintiff entered. A jury could reasonably find that defendant-respondent had a duty to take reasonable steps, including posting an adequate warning, to prevent the use of the lift by passengers; that defendant-respondent failed to take such steps; and that such failure was the proximate cause of plaintiff's injury (see *Basso v Miller,* 40 NY2d 233; *Scurti v City of New York,* 40 NY2d 433; *Jacques v Village of Lake Placid,* 39 AD2d 163, affd 32 NY2d 739; *Zaepfel v City of Yonkers,* 56 AD2d 867). Thus there are questions of fact which should have been presented to the jury, and the dismissal of plaintiff's claim against defendant-respondent was improper. (Appeal from judgment of Oneida Supreme Court—negligence.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ HARTFORD ACCIDENT AND INDEMNITY Co., Appellant, v NORTH RIVER INSURANCE COMPANY, Appellant, and H. EUGENE SUMMERSON et al., Respondents, et al., Defendant. (Action No. 1.) H. EUGENE SUMMERSON et al., Respondents, v HARTFORD ACCIDENT AND INDEMNITY Co., et al., Appellants, et al., Defendant. (Action No. 2.)—Order and judgment, as amended, unanimously affirmed, with costs to respondents Summerson. (Appeal from order and judgment of Erie Supreme Court—declaratory judgment.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.