■ EVE POTAZNICK, Appellant, v CITY OF NEW YORK, Respondent. — Judgment, Supreme Court, New York County (Conway, J.), entered December 4, 1980, upon a jury verdict in defendant's favor, reversed, on the law and facts, and vacated and a new trial is directed, with costs to abide the event. On June 18, 1978, plaintiff was injured when she fell while crossing, with the light, the Riverside Drive service road at the corner of West 97th Street in Manhattan. Plaintiff explained the happening of the occurrence as follows — her foot caught in a pothole (5 inches by 5 inches and 2 inches deep) causing her to fall. She testified that although she had observed the hole in the past, she "was looking for traffic at that point, that's why I didn't see the hole * * * The reason I didn't see the hole, though I have known for years it was there is that this is a place where cars going south on Riverside Drive make a sudden U-turn and go north on the service road * * * so I have to be watching for cars making a sudden swoop around." The trial court in its charge did not relate the contentions of the plaintiff to the law, but merely instructed the jury generally as to negligence, the duties of the defendant in maintaining its streets, and actual or constructive notice. Plaintiff did not except to the charge nor did she request a charge on "momentary forgetfulness" with respect to her prior knowledge of the pothole. However, during the course of its deliberation, the jury requested a definition of negligence and the ensuing colloquy between the jury and the trial court discloses a *de facto* concern with this issue. In relevant part the colloquy is as follows: The court: "[N]egligence is the doing of an act * * * which an ordinary prudent person would not do or the failure to do an act which an ordinary prudent person would". Juror No. 3: "Does the matter of whether it is a subconscious or conscious act have any bearing in this * * * At this point is it possible to be negligent subconsciously, consciously". The court: "Wait." Juror No. 3: "Subconsciously, in other words someone is not aware of what they are doing, can it still be under the umbrella of negligence". Juror No. 2: "He means that if you do something that you should have known or would have led to a definite result, and yet for some reason you didn't pay attention to what you were doing subconsciously you were thinking about something else is that negligence or is it not negligence." The trial court, not perceiving the thrust of the jury's inquiry on the issue of forgetting known danger, gave two inapt examples of negligence and compounded this error by instructing the jury that they were "[a]ll * * * prudent people" thus directing that they apply their own standard of care in conflict with the required standard of what a reasonably prudent person would do. "The failure to have in mind the existence of a dangerous condition at the time one encounters it, even though there had been knowledge of the condition in the past, presents a question of fact. It is for the jury to say whether the failure to have the danger

in mind was the result of such poor memory or such inattentiveness on the part of the injured person as to charge her with falling below the standard of a reasonably prudent person. (*Rugg* v. *State of New York,* 284 App. Div. 179, 183 * * *)" (*Washington v Longview Terrace Apts.,* 37 AD2d 809, 809-810). It has been aptly observed "That forgetfulness is not necessarily * * * negligence but is merely one factor to be considered in the light of the total situation, in determining whether the overall test of reasonable care has been met. The claimant is not necessarily to be charged with * * * negligence because he once knew of the danger and suffered a momentary lapse at the time when he needed the knowledge. The failure to have in mind the existence of a dangerous condition at the time one encounters it, even though there had been knowledge of the condition in the past, does not constitute * * * negligence as a matter of law. It presents, at most, a question of fact to be determined by the trier of the facts" (41 NY Jur, Negligence, § 59). The first of the inapt examples given or endorsed by the trial court in response to the jury's inquiry was that of driving through a stop sign: The court: "If I am driving an automobile I drive down the street. It says stop. I am daydreaming. I am driving right through. I drive into somebody. Unconsciously I have driven through it, but certainly it is an act of negligence." This example is imbued with two defects respecting the evidence at trial herein: (1) it presupposes a statutory violation, a fact not in issue with respect to the plaintiff's possible negligence, and (2) it gave the jury the impression that if one does something unconsciously that is always an act of negligence as a matter of law. The second example, an analogy posed by the jury itself and in which the trial court acquiesced, involved a person who failed to check his brakes over a period of a year, suddenly finding out while driving that he did not have brakes. In addition to not being related to the facts of this case, this example prompted another error, already alluded to herein, to wit, the trial court's statement: "I think your ordinary prudent person would probably check his car in a year, wouldn't he? Ask all of the people if they would check their car. All six of you are prudent people." The statements by the court in response to the jury's questions only served to confuse them and, coupled with the court's perfunctory charge, impel the conclusion that plaintiff did not receive a fair trial (see *Shtekla v Topping,* 23 AD2d 750). In conclusion, it is noted that the trial court charged on comparative negligence. This highlights the jury's verdict in defendant's favor and the prejudice inuring to the plaintiff in consequence of the trial court's "clarification." Concur — Lupiano, Fein and Lynch, JJ.

Murphy, P. J., and Ross, J., dissent in a memorandum by Ross, J., as follows: The jury instructions as rendered by the trial court were adequate under the circumstances and conveyed to the triers of fact the appropriate standards to be applied. When viewing the charge as a whole, it sufficiently instructs the jury that the applicable test to be employed is the "reasonable prudent man" standard. As the majority of this court notes, the plaintiff failed to object to these instructions nor did she request a charge on "momentary forgetfulness". However, the trial court did inform the jury that this case was governed by the theories of comparative negligence. It is quite conceivable that in weighing the culpable conduct of both parties, the six jurors were aware that plaintiff could have had a momentary lapse of memory, forgetting that a dangerous condition existed at that intersection. However, this forgetfulness could have been just as easily outweighed by the fact that plaintiff passed this same pothole for the past three years, three times a day, without incident. In any event, the jury was presented with a question of fact which they resolved in favor of the defendant city, which resolution should not now be disturbed (*Gross v City of New York,* 24 AD2d 751, affd 18 NY2d 830). There is also a

question whether the plaintiff met her burden to prove that the defect in the roadway caused her to fall. Plaintiff testified that because her foot, which was allegedly caught in the hole, was behind her, she did not see the pothole until she stood up. At that time she assumed that the pothole caused her to trip. It is interesting to note that this pothole is located next to a catch basin, which is covered by an open grate. The jury could have reasoned that this evidence was insufficient to find that the proximate cause of the accident was the defect in the street. "It is settled that a jury verdict in favor of defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence" (*Marton v McCasland,* 16 AD2d 781, 782; *Flynn v City of New York,* 35 AD2d 936, affd 29 NY2d 715). Here the evidence does not clearly weigh in favor of the plaintiff and on such a slender reed, this court should not set aside the verdict. In addition, I can find no error with the examples of negligence which the court discussed with the jury. As to the example about a person not checking his car brakes for a period of one year, it must be remembered that this illustration was suggested by the jury and not by the court. The trial court's response was a mere invitation to the jurors to use their entire life experience to determine whether this omission is symptomatic of negligent conduct. As to the example of unconsciously passing through a stop sign, the juror who requested a clarification of the issue rejected this example outright and was not swayed by the reasoning of the court, since that juror was the sole dissenter on this panel. Under these circumstances, I cannot see how the plaintiff suffered any prejudice at the hands of the trial court and would affirm the judgment.