Derotha Flynn, Respondent, v City of New York, Appellant.

Second Department, August 6, 1984

##### APPEARANCES OF COUNSEL

*Frederick A. O. Schwarz, Jr., Corporation Counsel* (*Alfred Weinstein, Bernard Abel* and *Michael Gage* of counsel), for appellant.

*Schneider, Kleinick & Weitz, P. C.* (*Brian J. Shoot* and *Sheridan Albert* of counsel), for respondent.

##### OPINION OF THE COURT

Bracken, J.

Plaintiff commenced this action to recover for injuries allegedly sustained when he fell into a hole in a sidewalk maintained by defendant City of New York. The action was tried without a jury.

Plaintiff testified at trial that on July 5, 1977, the date of the accident, he resided at 1634 Sterling Place, Brooklyn. He had lived in an apartment at this address for approximately 12 years and was employed as the superintendent of the building. As superintendent, his duties were to set the garbage out, keep the area in and around the building clean, and do light plumbing and electrical work.

On the date of the accident, at about 6:00 P.M., plaintiff, intending to clean up the area around the garbage cans in front of the building, went to the basement of the building to get an empty garbage can, a broom and a shovel. Plaintiff left the basement and went onto the sidewalk, where there was a crowd of about 15 to 20 people in front of the building, "drinking, talking [and] horsing around". As plaintiff was walking to the garbage cans, he made a semicircle around the people to avoid them, and, in doing this, his right foot went into a hole in the sidewalk, and he fell down, knocking the garbage cans over as he fell. The hole was described as being 5 to 6 feet long, about 4 feet wide, and 4 to 6 inches deep. Plaintiff testified that he had not seen the hole immediately prior to the accident, but that previously he had seen it many times. The hole had existed for about two years, having been created by sanitation trucks driving onto the sidewalk to pick up garbage. At the time of the accident, plaintiff's view was partially obstructed by the garbage can, broom and shovel which he was carrying. He was also attempting to avoid the crowd of people who were playing and moving about on the sidewalk, and he therefore was not paying attention to the hole.

At the conclusion of the trial, the court delivered its findings and decision (CPLR 4213, subd [b]), which included the following:

"However, I find that although the plaintiff knew the hole was there and he is charged with responsibility of seeing what is there to be seen, nonetheless, applying the doctrine of momentary forgetfulness within the context of the evidence herein, I find that the defendant, City of New York, is responsible.

"However, I find that the defendant, City of New York, has proved culpable negligence on the part of the plaintiff.

"The defendant [*sic*], however, is apportioned 90 percent to the City and 10 percent culpable negligence attributed to the plaintiff".

The issue which we address on this appeal is whether the trial court erred in applying the doctrine of momentary forgetfulness in the context of a comparative negligence case.

In 1975, the State of New York adopted a system of comparative negligence which is applicable to all causes of action accruing on or after September 1, 1975 (CPLR 1413), under which culpable conduct on the part of a plaintiff does not bar recovery, but the amount of damages otherwise recoverable is diminished by the proportion which plaintiff's culpable conduct bears to the conduct which caused the injury (CPLR 1411, added by L 1975, ch 69, § 1). Prior to the enactment of the new legislation, this State recognized the doctrine of contributory negligence, i.e., "conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm" (Restatement, Torts 2d, § 463). The effect of a finding of contributory negligence, however slight, was to completely bar plaintiff from any recovery for his injury, thereby freeing a defendant from liability irrespective of the degree of negligent conduct on his part (see, e.g., *Codling v Paglia,* 32 NY2d 330; Restatement, Torts 2d, § 467).

Because contributory negligence was an "all or nothing" proposition (*Frummer v Hilton Hotels Int.,* 60 Misc 2d 840, 847), ameliorative concepts such as "last clear chance" were developed to reduce the harsh consequences of its application (*Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.,* 46 NY2d 528, 532); and undoubtedly, the concept of momentary forgetfulness of danger was developed to obviate the harshness of the contributory negligence doctrine as well.

As it evolved, this concept recognized that a plaintiff's temporary forgetfulness of a known danger did not constitute contributory negligence as a matter of law. Rather, such momentary lapse of memory presented, at most, a

question of fact (*Bassett v Fish,* 75 NY 303; *Zellman v Metropolitan Transp. Auth.,* 83 AD2d 144; *Gross v City of New York,* 24 AD2d 751, affd 18 NY2d 830; *Schneider v Miecznikowski,* 16 AD2d 177; *Rugg v State of New York,* 284 App Div 179). Therefore, it was for the trier of fact to determine "whether the failure to have the danger in mind was the result of such poor memory or such inattentiveness on the part of the injured person as to charge him with conduct falling below the standard of a reasonably prudent man" (*Rugg v State of New York, supra,* p 183; see, also, *Washington v Longview Terrace Apts.,* 37 AD2d 809; Restatement, Torts 2d, § 289, Comments *f, g;* 1B Warren, Negligence in the NY Courts, § 11.07, pp 835-836; Momentary Forgetfulness of Danger as Contributory Negligence, Ann., 74 ALR2d 950).

The momentary forgetfulness doctrine apparently has been considered in a comparative negligence case in only one instance at the appellate level (*Potaznick v City of New York,* 88 AD2d 566). In the *Potaznick* case, plaintiff was injured as a result of a fall sustained by her stepping into a pothole while crossing a street. She testified that she had observed the pothole on previous occasions but at the time of the accident she was busy observing traffic and thus did not see the hole. At trial, the doctrine of comparative negligence was charged, and plaintiff neither excepted to the charge as given, nor requested a momentary forgetfulness charge. A verdict was thereafter rendered in favor of the defendant. In reversing and granting a new trial, the Appellate Division, First Department, determined that the trial court's instructions had served to confuse the jury as to the effect of plaintiff's temporary failure to recall the pothole of which she had prior knowledge, and further indicated that the question of whether plaintiff's forgetfulness constituted negligence was a question of fact which should have been submitted to the jury (*Potaznick v City of New York, supra,* p 567). If, in fact, *Potaznick* had been a case involving contributory negligence principles, it could be inferred from the verdict in favor of the defendant that: (1) the jury had found no negligence on the part of the defendant; or (2) the jury had found that although defendant was guilty of negligence, plaintiff's momentary lapse

of memory constituted contributory negligence, thereby barring any recovery. Under these circumstances, we might agree that the failure to properly instruct the jury on the doctrine of momentary forgetfulness of danger would be prejudicial to the degree that it constituted reversible error. However, *Potaznick* involved principles of comparative negligence, in which the verdict in favor of the defendant permitted only one inference, i.e., that the jury found no negligence on the part of the defendant. Under such circumstances, we fail to perceive what relevance the question of plaintiff's forgetfulness of danger might have had on the outcome.

■ In our view, *Potaznick* illustrates the logical inconsistency of applying the doctrine of momentary forgetfulness of danger in the context of comparative negligence. The doctrine is a vestigial anachronism derived from a system of injury compensation which no longer is operative in this State. Its underpinnings have been eroded by the introduction of a system whereby legal responsibility for injury is apportioned on the basis of comparative fault. A plaintiff's negligence no longer constitutes an automatic bar to recovery, and the concept of "contributory negligence" has been replaced by one of comparative "culpable conduct" (CPLR 1411). Therefore, the reason for the momentary forgetfulness doctrine no longer exists and the question of whether a plaintiff's temporary forgetfulness constitutes contributory negligence is no longer germane. We hold, therefore, that it is error to apply the doctrine of momentary forgetfulness of a known danger in a comparative negligence case.

Of course, we do not mean to suggest that a plaintiff's temporary lapse of memory is never relevant under a system of comparative negligence. In those cases where the trier of fact finds negligence on the part of a defendant, it may then consider whether a plaintiff's failure to have kept a known danger in mind constituted conduct falling below the standard of a reasonably prudent person. If the trier of fact concludes that plaintiff's conduct did fall below that standard, it may then apportion the liability accordingly. Thus, the factors which the doctrine of momentary forgetfulness took into consideration are now to be consid-

ered in determining the existence of "culpable conduct" attributable to the plaintiff, within the meaning of the comparative negligence statute (CPLR 1411).

The within case, of course, is governed by comparative negligence principles since the accident occurred subsequent to September 1, 1975 (CPLR 1413); however, the trial court, sitting without a jury, applied the doctrine of momentary forgetfulness in determining that the defendant was liable. Notwithstanding its application of the momentary forgetfulness doctrine, the trial court then found negligence on the part of plaintiff as well, and the court apportioned liability at 90% for defendant and 10% for plaintiff. Thus, although the court erroneously invoked the doctrine, it nevertheless apportioned liability, and we conclude that the apportionment was not against the weight of the credible evidence.

However, the trial court's verdict in the amount of $247,902.30, which was diminished by the 10% attributable to plaintiff's own negligence, must be reduced. The verdict included an award of $237,500 for pain and suffering and permanent disability. Based on the credible evidence in the record, the award in that amount was excessive. In accordance with our power to modify an award of damages after a nonjury trial (CPLR 5522; *Gilliam v S.M. Johnson, Inc.,* 11 AD2d 769; *Kimmel v Solow,* 10 AD2d 855; see *Figliomeni v Board of Educ.,* 44 AD2d 886, affd 38 NY2d 178, mot for rearg den 39 NY2d 743; *Bernardine v City of New York,* 268 App Div 444, affd 294 NY 361; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5522.04), we reduce the award for pain and suffering and permanent disability to $100,000, thereby reducing the total amount of the award to $110,402.30. That amount must be further diminished by 10% reflecting plaintiff's culpable conduct, and the judgment must therefore be reduced to the principal sum of $99,362.07.

We have considered the remaining contentions of the parties and find them to be without merit.

TITONE, J. P., GIBBONS and RUBIN, JJ., concur.

Judgment of the Supreme Court, Kings County, entered June 29, 1982, modified, on the law and the facts, by reducing the principal sum awarded to $99,362.07. As so

modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment. The findings of fact as to liability are affirmed.