Polanco v Bronx 360 Realty LLC (2018 NY Slip Op 06210)





Polanco v Bronx 360 Realty LLC


2018 NY Slip Op 06210


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Friedman, J.P., Kapnick, Kahn, Oing, JJ.


7116 303568/11

[*1]Hector Polanco, Plaintiff-Respondent,
v
Bronx 360 Realty LLC, et al., Defendants-Appellants, Uplift Elevator Corp., Defendant-Respondent, PRC Management LLC, Defendant.


Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellants.
Peña & Kahn, PLLC, Bronx (Diane Welch Bando of counsel), for Hector Polanco, respondent.
Gottlieb Siegel & Schwartz, LLP, New York (Jaime Hyman of counsel), for Uplift Elevator Corp, respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about December 18, 2017, which granted defendant Uplift Elevator Corp.'s motion to reargue its opposition to defendants Bronx 360 Realty LLC and T.U.C. Management Company, Inc.'s motion for summary judgment dismissing the complaint as against them, and, upon reargument, denied Bronx 360 and T.U.C.'s motion, unanimously affirmed, without costs.
The record demonstrates that building owner Bronx 360 and manager T.U.C. were aware that the building's elevator was malfunctioning on the day of plaintiff's accident. That day was the third consecutive day on which Uplift was performing repairs to the elevator, pursuant to its maintenance agreement with Bronx 360. Issues of fact exist whether Bronx 360 and T.U.C. breached their duty to warn of a dangerous condition on the premises (see Piluso v Bell Atl. Corp. , 305 AD2d 68, 70 [1st Dept 2003]; Hall v Scheidelman, Inc. , 65 AD2d 928, 928 [4th Dept 1978]). The testimony by Bronx 360's superintendent, Uplift's elevator repair technician, Uplift's president, and plaintiff, differs as to whether signs had been posted warning that the elevator was out of order and ought not to be used and whether any such signs were in place when plaintiff entered the premises.
In view of the issues of fact as to their own negligence, Bronx 360 and T.U.C. are not entitled to summary judgment on their cross claim against Uplift for indemnification.
We have considered Bronx 360 and T.U.C.'s remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK