BOTEIN, J. P., RABIN, FRANK, VALENTE and BERGAN, JJ., concur.

Order, so far as appealed from, unanimously modified by striking out the respondent's pleading seeking affirmative relief and by denying his application that the accounting trustee pay accumulated income to him and, as so modified, affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.

BETTY B. C. BENWAY, Individually and as Administratrix of the Estate of WILLIAM H. CASEY, Deceased, Appellant-Respondent, *v.* CITY OF WATERTOWN, Respondent-Appellant.

Fourth Department, May 9, 1956.

*Robert B. Shaad* for appellant-respondent.

*Kenneth W. Brett, Corporation Counsel,* for respondent-appellant.

*Per Curiam.* Plaintiff appeals from an order of the Special Term dismissing her amended complaint. There are also cross appeals from an order of the same Special Term granting in part plaintiff's motion pursuant to section 292-a of the Civil Practice Act for an order permitting examination of the defendant before trial for the purpose of framing a second amended complaint. The dismissal of the amended complaint was on the ground that it fails to state facts sufficient to constitute a cause of action.

Assuming, as we must, the facts alleged in the complaint, and broadly construing the pleading, we believe at least one cause

of action is alleged. The action is in negligence for injuries to the plaintiff and for the death of her deceased husband, William Henry Casey. Both the injuries and the death were directly caused by the decedent, who shot the plaintiff and himself, at her home in the city of Watertown, with a certain Belgian Browning automatic pistol owned by him and for which he had no license or permit. The defendant's negligence rests in the allegation that the police department of the city, after having received for safekeeping (from the father of the deceased), the particular pistol, " with knowledge that the same belonged to William Henry Casey, that he had no permit or license therefor, · and that he had threatened the life of plaintiff and others with said pistol ", returned the weapon to plaintiff's husband. The pistol is alleged to have been returned to William Henry Casey " prior to November, 1953 "; the shooting occurred March 2, 1954. Other grounds of negligence are also alleged, but we do not consider them here in view of the decision upon the theory of negligence outlined above.

In light of the facts alleged regarding knowledge of the defendant's police officers as to the circumstances under which the police came into possession of the pistol, the act of returning the weapon to plaintiff's husband might well be a negligent act for which the municipality should be held liable. (See *McCrink* v. *City of New York,* 296 N. Y. 99.) This affirmative act is not an omission to exercise a governmental function. (*Murrain* v. *Wilson Line,* 270 App. Div. 372, affd. 296 N. Y. 845; *Steitz* v. *City of Beacon,* 295 N. Y. 51.) Whether the injury was reasonably foreseeable is for the jury. (*Kingsland* v. *Erie Co. Agric. Soc.,* 298 N. Y. 409.) Although we do not decide whether violation of subdivision 1 of section 1914 of the Penal Law is alone sufficient evidence to support a charge of negligence (*Brown* v. *Shyne,* 242 N. Y. 176), it is obvious that under the circumstances of this case we could not say evidence of such a violation would not be pertinent to the issue.

The amended complaint leaves much to be desired by way of clarity and conciseness. Nevertheless, the liberal construction of the pleading required in the determination of defendant's motion to dismiss leads us to the conclusion that the complaint states facts sufficient to constitute a cause of action. The order dismissing the complaint should be reversed.

It follows that the cross appeals from the order upon plaintiff's motion for examination pursuant to section 292-a of the Civil Practice Act should be dismissed as academic.

468

All concur. Present — McCurn, P. J., Vaughan, Wheeler, Williams and Bastow, JJ.

Order entered July 6, 1955, reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Appeal from order entered October 3, 1955, dismissed as academic.