■ Gertrude Kimmel, as Administratrix of the Estate of Benjamin Kimmel, Deceased, et al., Respondents, v. Goldie Solow et al., Appellants.— Appeal, as limited by appellants' brief, from so much of a judgment, entered after trial before the court without a jury, as awarded respondent $5,000 as damages for her intestate's personal injuries and for his conscious pain and suffering (1st cause of action), $60,614 as damages for the intestate's wrongful death, together with $4,313.82 interest from the date of death to the entry of judgment (2d cause of action), and $7,500 as damages for respondent's personal injuries (4th cause of action). On this appeal appellants contend that the damages awarded on the first, second and fourth causes of action are excessive. Judgment modified upon the law and the facts so as to reduce from $60,614 to $50,000 the amount awarded on the second cause of action, and so

as to reduce from $7,500 to $2,500 the amount awarded on the fourth cause of action, with interest and the total amount of the judgment adjusted accordingly. As so modified, judgment insofar as appealed from unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. There was no testimony in open court by the doctor who treated respondent or by the doctors who examined her; in lieu thereof the doctors' reports were received in evidence pursuant to the consent of the parties. There was no direct issue of the doctors' credibility to be determined by the trier of the facts. In our opinion, the evidence did not require or justify findings that the accident was the competent producing cause of all the conditions testified to by respondent and that such conditions were permanent. Appellants have suggested that $2,500 would amply compensate respondent on the fourth cause. In our opinion, the award of $7,500 to respondent individually was excessive, as was the award of $60,614 on the second cause. Upon this record, it is proper, after trial before the court without a jury, for this court to modify the judgment so as to fix damages in amounts deemed not excessive and as so modified to affirm (Civ. Prac. Act, § 584; *Bernardine* v. *City of New York,* 286 App. Div. 444, affd. 294 N. Y. 361; *Margolies* v. *City of New York,* 3 A D 2d 734). It may not be held that the award of $5,000 as damages for the personal injuries sustained by the intestate and for his conscious pain and suffering was excessive (*Norton* v. *Phillips Petroleum Co.,* 262 App. Div. 881 [1941]; *St. Louis, Iron Mountain & So. Ry. Co.* v. *Craft,* 237 U. S. 648 [1915]). Present — Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ. Settle order on notice.