■ DAVID S. KURZ, Respondent, v. NORMAN BENNINGER, Appellant.—In a negligence action to recover damages for injury to person and property, arising out of a collision between the plaintiff's automobile and the defendant's automobile, the defendant appeals from a judgment of the Supreme Court, Queens County, entered November 8, 1962 after trial upon a jury's verdict of $14,500 in favor of the plaintiff. Judgment reversed on the law and on the facts, and a new trial ordered, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall stipulate to reduce to $6,000 the amount of the verdict in his favor and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the amount of damages awarded to the plaintiff was disproportionate to the injuries sustained. Hence, the jury's verdict should be set aside as excessive to the extent indicated. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ RICHARD J. LATES, Individually and as Administrator of the Estate of CAROLE C. LATES, Deceased, Respondent, v. HEALTH INSURANCE PLAN OF GREATER NEW YORK, Defendant, and NATHAN ADELMAN et al., Appellants.— In an action to recover damages for wrongful death and for conscious pain and suffering resulting from malpractice, the defendants (with the exception of the Health Insurance Plan of Greater New York) appeal from so much of a judgment of the Supreme Court, Richmond County, entered December 6, 1962 after trial upon a jury's verdict, as awarded plaintiff $87,440.25, of which $57,000 was for the wrongful death and $22,000 was for the pain and suffering. Judgment, insofar as appealed from, reversed on the law and on the facts; action severed as to the nonappealing defendant (Health Insurance Plan of Greater New York); and new trial ordered as between the plaintiff and the appellants, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall stipulate to reduce to $5,000 the amount of the verdict with respect to the cause of action for conscious pain and suffering, in which event the judgment, as so reduced and insofar as appealed from, is affirmed, without costs. In our opinion, under all the circumstances, the sum of $22,000 awarded by the jury for the pain and suffering was excessive. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.