■ RALPH RIZZO, as Administrator of the Estate of RALPH RIZZO, JR., Deceased, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant, and DOROTHY CANDELA et al., Respondents, et al., Defendants. (Action No 1.) MICHAEL CANDELA, Respondent, et al., Plaintiff, v. LONG ISLAND RAIL ROAD COMPANY, Appellant, et al., Defendants. (Action No. 2) — In two jointly tried negligence actions arising as the result of a collision between a train and an automobile at a railroad crossing, Action No. 1 being to recover damages for wrongful death and conscious pain and suffering (personal injury), and Action No. 2 being to recover damages for personal injury, the defendant railroad appeals as follows from judgments of the Supreme Court, Nassau County, entered after trial upon the jury's verdict, and from orders denying its motions to set aside the verdict and for a new trial: (1) In Action No. 1 by the administrator Rizzo, the railroad appeals: (a) from the judgment, entered June 23, 1964, in favor of the defendants Candela against the plaintiff, and in favor of plaintiffs against the railroad, upon the jury's verdict awarding to plaintiff against the railroad $35,000 for the

wrongful death and $10,000 for the conscious pain and suffering; and (b) from two orders, entered respectively June 4, 1964 and June 11, 1964, which denied the railroad's several motions to set aside the verdict and for a new trial on the ground that the verdict was against the weight of the evidence and excessive. (2) In Action No. 2 by the plaintiffs Candela, the railroad appeals: (a) from the judgment entered June 10, 1964 in favor of plaintiff Michael Candela upon the jury's verdict of $65,000 against it; and (b) from two orders, entered respectively June 4, 1964 and June 11, 1964, which denied its several motions to set aside the verdict and for a new trial on the ground that the verdict was against the weight of the evidence and excessive. In Action No. 1 by the plaintiff administrator: Judgment modified on the law and the facts by reducing the total recovery by the amount awarded upon the cause of action for conscious pain and suffering; such cause of action is severed from the cause of action for wrongful death; a new trial, limited to the cause of action for the pain and suffering is granted; and, as so modified, judgment affirmed, without costs, unless within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to reduce to $3,500 the amount of the jury's award on said cause of action for the pain and suffering, and to the amendment of the judgment accordingly. If such stipulation be served and filed, then the judgment as thus reduced and amended is affirmed *in toto,* without costs. In our opinion, the verdict for the decedent's conscious pain and suffering was excessive at least to the extent indicated. In Action No. 2 by the plaintiffs Candela: Judgment affirmed, with costs. In both actions: Appeals from the orders denying the railroad's respective motions, dismissed, without costs; no such orders are contained in the records submitted. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.