## (March 15, 1966)

■ HELEN MALONEY, as Administratrix of the Estate of JOHN J. MALONEY, Deceased, Appellant, v. ALFRED M. SCARFONE et al., Respondents.

APPEAL from an order of the Supreme Court at a Special and Trial Term, entered February 5, 1965 in New York County, insofar as it granted a motion by the defendant City of New York for an order to dismiss the complaint as to it and granted motions by defendants Scarfone and Nole for orders to set aside the verdict as to the second cause of action and directed a new trial thereon unless plaintiff should consent to accept the sum of $5,000.

*Per Curiam.* Defendant Scarfone, 17 years old at the time of the accident giving rise to this lawsuit, was sitting in the center of the front seat of defendant Nole's car. The automobile was parked illegally on West 42nd Street, in the Borough of Manhattan, between Sixth and Seventh Avenues, with its key in the ignition and the motor running. Nole, accompanied by Scarfone, had driven the car to that point, parked it and entered an office building, in the expectation of returning within five minutes. According to the testimony of Scarfone, who was called as a witness by plaintiff, a Patrolman Kane directed him to move the car. Scarfone explained it was not his car and that he was waiting for Nole, but the officer again ordered him to move the car. Whereupon Scarfone said that he did not know how to drive an automobile and did not have a license; but according to Scarfone, the officer nevertheless ordered him to move the car, reinforcing his directive with an expletive.

Scarfone testified he was frightened and drove the car away at about 4:00 P.M., in one of the most congested traffic areas in the city. He drove east on 42nd Street for three blocks, and then turned right on Madison Avenue, where he struck and killed plaintiff's intestate, who was standing behind a truck.

A Patrolman Schaefer, on duty at the scene of the accident and also called as a witness by plaintiff, interrogated Scarfone immediately after the occurrence,

who told him that he had been ordered to move the car; but Scarfone did not tell Schaefer he had informed Officer Kane that he had no license and could not drive a car. Later that day Scarfone gave a written statement to the same effect to a detective, in which he explicitly stated he had not apprised the officer that he could not drive. Officer Kane testified he had no recollection of the exchange as testified by Scarfone.

The jury returned a verdict against all defendants — the city, Scarfone and Nole. The verdict against the city was set aside and the complaint against it dismissed. The verdict against the individual defendants on the cause of action for pain and suffering was set aside and a new trial ordered unless plaintiff consented to a reduction of the amount. We regard these dispositions as proper except to the extent that the complaint against the city was dismissed.

While it is highly unlikely that a policeman, informed that a youngster could not drive and did not possess a driver's license, would direct him to move a car in busy mid-Manhattan, none of us would hold that such testimony is incredible as a matter of law. Some of us are of the opinion that the jury's verdict as against the city is against the weight of the credible evidence and on that ground would modify the order below to the extent of ordering a new trial. But some of us would not disturb the jury's acceptance of what they regard as an improbable story, if the record were a satisfactory one. It is clear, however, that the critical testimony as to the substance of the directions given to Scarfone by Patrolman Kane was not adequately challenged upon the trial. This was because the city takes the untenable position "that the intervening independent negligence of the youngster absolves the defendant of liability"; and it relies on this theory to sustain a dismissal of the complaint. Perhaps because it was pursuing this false trail, the city, in the opinion of all of us, challenged this testimony in the feeblest and most offhand manner. For example, in an unusually explicit complaint, as well as in the answer of Scarfone's friend defendant Nole, in whom he would be likely to confide, and finally, in plaintiff's bill of particulars, all verified years before trial, it was sedulously recited that Scarfone was an unlicensed and inexperienced driver, but no mention was made of the claim that the patrolman was aware of these facts when he ordered him to move on. No effort was made by the city to utilize those pleadings in support of a contention that the most damaging part of Scarfone's testimony may have been an afterthought.

We are therefore unanimous in holding that the order appealed from should be modified to the extent of ordering a new trial against the city. Some of us reach this result because we believe the verdict is against the weight of the credible evidence; others because they believe such a result would be in the best interests of justice, since the city, bent on trying the case upon an erroneous theory of law, failed to meet vigorously the decisive issue of fact in this case.

Accordingly, the order filed February 5, 1965, should be modified, on the law and the facts and in the exercise of discretion, to the extent of ordering a new trial against defendant City of New York, with costs to abide the event, and otherwise affirmed, with costs to defendants Scarfone and Nole.

Botein, P. J., Breitel, Rabin, Eager and Staley, JJ., concur.

Order, entered on February 5, 1965, unanimously modified, on the law and on the facts and in the exercise of discretion, to the extent of ordering a new trial as against defendant, the City of New York, with costs to abide the event, and, as so modified, affirmed, with $50 costs and disbursements to respondents, Alfred M. Scarfone and Phyllis Nole.