■ CHRISTIE F. COOK, as Administratrix of the Estate of PETER J. COOK, Deceased, Respondent, v. JAMES J. ERWIN, JR., et al., Appellants.— *Per Curiam.* Appeal from a judgment of the Supreme Court, entered May 26, 1967, in St. Lawrence County upon verdicts for personal injuries and wrongful death rendered at a Trial Term in favor of the plaintiff. On May 26, 1966 Peter J. Cook was injured in an automobile accident, when the automobile in which he was riding as a passenger went off the road striking three mail boxes and two trees. The automobile was owned by appellant James J. Erwin, Jr., and was operated by appellant Joseph T. Moore. During the course of the accident, Peter Cook was apparently thrown from the car and, the gasoline tank having exploded, he was set on fire burning his clothes. He sustained severe third degree burns over 50% of his body and, as a result of the injuries, he died approximately three hours after the accident. In this action brought by Peter Cook's mother as administratrix, the jury returned a verdict of $15,000 for conscious pain and suffering, and a verdict of $50,932.09 for his wrongful death. The appellants contend that there is insufficient medical testimony to support a recovery for conscious pain and suffering, and further that both verdicts were excessive. Dr. Bongiovanni, who treated the decedent at the hospital, and who was with him when he died, testified that he could see by the decedent's eyes that he was responding, and was aware of what was going on; that decedent responded and acknowledged acceptance of last rites administered by a priest; that he was groaning which indicated that he was responding to pain; and that for the most part, he was aware of everything that was going on in the emergency room. Another doctor who assisted Dr. Bongiovanni in performing a tracheotomy on the decedent testified that when he observed decedent, he was unconscious. However, he did not arrive until after Dr. Bongiovanni had already been treating the decedent, and he left after the

operation was performed. Upon this record we find that a verdict for conscious pain and suffering was warranted. (*Kinner* v. *Kuroczka*, 12 A D 2d 383.) At the time of his death the decedent was 21 years of age, single and living at home with his father and mother. He had quit school at the age of 16 when he was in high school. His employment consisted of odd jobs, either in the construction business or restaurant business. He earned $2,000 in 1965 and contributed $20 per week to his family plus buying groceries occasionally. At the time of his death decedent's mother was 53 years of age with a life expectancy of 25.07 years, and his father, who was retired on a pension, was 73 years of age. It is not disputed that decedent was a polite young man, and his employers testified that his work was very satisfactory. In determining damages for conscious pain and suffering experienced in the interval between injury and death, when that interval is relatively short, the degree of consciousness, severity of pain, apprehension of impending death along with the duration are all elements to be considered. In the instant case, during the three-hour interval, the decedent was apparently conscious for part of the period and was suffering pain. In our opinion the verdict of $15,000 for the decedent's personal injury, pain and suffering is excessive and should be reduced to $10,000, if the plaintiff stipulates to accept the reduced amount. (*Norton* v. *Phillips Petroleum Co.*, 262 App. Div. 881; *O'Malley* v. *Anchor Motor Frgt. Corp.*, 1 A D 2d 689.) It is also our opinion that the verdict of $50,932.09 in the action for wrongful death is excessive, and should be reduced to $35,932.09, if the plaintiff stipulates to accept the reduced amount. (*Saltzberg* v. *Kiamesha Concord*, 24 A D 2d 876; *Le Boeuf* v. *Newman*, 21 A D 2d 937; *Mudrick* v. *Shotwell*, 18 A D 2d 694; *McCormick* v. *State of New York*, 34 Misc 2d 806.) Judgment reversed, on the law and the facts, and a new trial ordered as to damages only, unless within 20 days after service of a copy of the order to be entered hereon, respondent shall stipulate to reduce the verdict in the cause of action for conscious pain and suffering to $10,000, and to reduce the verdict in the cause of action for wrongful death to $35,932.09 and interest, in which event, judgment, as reduced, affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.