■ ANN RIOLO, as Administratrix of the Estate of AUGUSTINE J. XAVIER, Deceased, Respondent, v. LIEBMAN BATHROOM SPECIALTIES, INC., Appellant, et al., Defendant.— In an action to recover damages for wrongful death and conscious pain and suffering prior to death, defendant Liebman Bathroom Specialties, Inc., appeals from a judgment of the Supreme Court, Kings County, entered March 21, 1968 upon a jury verdict in favor of plaintiff in the amount of $55,000 for the wrongful death and $7,600 for the conscious pain and suffering. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event, unless within 30 days after entry of the order hereon plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $40,000 for the wrongful death and $5,000 for the pain and suffering and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the verdict was excessive at least to the extent indicated. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ U. S. DRY WALL, INC., Respondent, v. AFSCME HOUSING CORP. OF STATEN ISLAND, INC., Defendant, and UNIVERSAL BUILDERS SUPPLY CO., INC., Appellant.— Judgment of the Supreme Court, Richmond County, dated June 28, 1967, reversed, on the law and the facts, and new trial granted, with costs to abide the event. In our opinion the judgment is against the weight of the credible evidence. The proof presented on damages and contract compliance was inadequate. We are of the further opinion that it was prejudicial error to limit the testimony of the witnesses Bauman and Resnick, who had knowledge of material facts and were competent to testify. On the retrial the trial court should make specific findings as to the facts (CPLR 4213, subd. [b]; Conklin v. State of New York, 22 A D 2d 481). Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.