CARROLL, DONALD K., Judge.
The defendant in a wrongful death action has appealed from a final judgment entered by the Circuit Court for Duval County, based upon a jury verdict.
The sole point on appeal raised herein by the appellant is whether, in an administrator’s action under the survival statute for conscious pain and suffering, an award of an amount in excess of $50,000 is excessive where the deceased lived 23 hours, during all of which time she was either completely unconscious and in a deep comatose condition or in a state of semi-consciousness only.
This action was brought by the plaintiffs as the administrators of the estate of Mary Ellen Ostertag, deceased, who died as a result of injuries she received when her car collided with an automobile driven by the defendant. The complaint alleges that the defendant was grossly negligent, reckless, and guilty of willful and wanton conduct in the operation of his automobile. The first count of the complaint was filed pursuant to Sec. 45.11, Florida Statutes, 1965, F.S.A., claiming damages for conscious pain and suffering and funeral and medical bills, and claiming both compensatory and punitive damages. The second count was filed pursuant to Sec. 768.01, Florida Statutes, 1965, F.S.A., re-alleged the same negligent operation of his automobile by the defendant, and claimed damages for loss of potential savings and the accumulations and earnings of the estate of the said deceased.
Sec. 45.11 provides that no action for personal injuries and no other action shall die with the person and “all actions shall survive and may be instituted, maintained, prosecuted and defended in the name of the personal representative of the deceased, or in the name of such other person as may be provided by law.”
Sec. 768.01, together with Sec. 768.02, provides for a cause of action in the personal representatives of a person killed by the wrongful act of another for the loss to the decedent’s estate.
At the trial the jury returned a verdict for the plaintiffs in the amount of $60,000 for compensatory damages, and found the defendant not guilty as to the plaintiffs’ claim for prmitive damages.
Following the verdict, the defendant duly filed a motion for a new trial, most of the grounds thereof being that the said verdict was excessive. After a hearing, the trial court entered an order denying the motion. Later the court entered the final judgment, appealed from herein, incorporating the jury verdict awarding to the plaintiff $60,000 as compensatory damages.
The defendant conceded negligence at the trial but not liability, in view of the charge of gross negligence and willful and *461 wanton misconduct and in view of the defense of contributory negligence. In his appellate brief he concedes that the issues of gross negligence and willfulness, and also contributory negligence, were questions for the jury. In our opinion, the trial evidence was more than sufficient to support the jury’s findings as to the said issues.
The defendant points out that, according to the parties’ stipulation, the present value of the decedent’s estate was $7,500 and that the medical and funeral bills amounted to $2,240, for a total of $9,740, so that the jury verdict for $60,000 must have included $50,260 for the decedent’s pain and suffering.
The defendant’s basic contention is that this award of $50,260 for the decedent’s pain and suffering is excessive as a matter of law where the decedent lived 23 hours after the collision, during all of which time she was either completely unconscious and in a deep comatose condition or in a state of semi-consciousness only.
In support of this contention the defendant points to testimony that the decedent sustained a severe cerebral condition and never regained consciousness enough to talk. On the other hand the plaintiffs argue that the decedent could not talk because her face was crushed in at the nose and mouth, but that she could and did communicate by responsive hand squeezes and by turning her head from side to side in response to instructions.
The answer to the defendant’s said contention is, of course, that damages in a personal injury action are for the discretion of the jury, subject to the rules hereinafter set forth.
The long-settled rule in Florida, as stated by the Third District Court of Appeals in Sinclair Refining Co. v. Butler, 172 So. 2d 499 (Fla.App. 1965), is as follows:
“* * * damages in a personal injury action are for the discretion of the jury and, unless the amount awarded is clearly arbitrary or so excessive as to indicate that the jury was influenced by passion, prejudice, corruption or other improper motive, or is so much greater as to shock the judicial conscience, it will not be disturbed on appeal.”
The same court in the earlier case of Florida East Coast Railway Co. v. Stewart, 140 So.2d 880 (Fla.App. 1962), applied a similar rule to a situation (like that in the case at bar) in which the trial court allowed a jury verdict to stand upon a motion for a new trial, and said:
“The function of determining the amount of a verdict in a personal injury case has been preserved to the jury and where, as in this case, the trial court has allowed the verdict to stand upon a motion for a new trial or a remittitur, based upon the claimed excessiveness of a verdict, appellant courts are not prone to interfere, unless the verdict is so excessive as to shock the judicial conscience or to indicate that the jury has been unduly influenced by passion, prejudice, corruption or'other improper motive.”
Applying the above-quoted rules to the case on appeal, we cannot find from the record before us that the amount awarded for the decedent’s pain and suffering was clearly arbitrary or so excessive as to indicate that the jury was influenced by passion, prejudice, corruption, or other improper motive, or is so excessive as to shock the judicial conscience. Besides, the Circuit Court, which heard the evidence at the trial, denied the defendant’s motion for a new trial and upheld the jury’s verdict.
Therefore, the final judgment appealed from herein must be and it is
JOHNSON, C. J., and RAWLS, J., concur.
Affirmed.