417 F.2d 994
 Marlene CALDECOTT as Administratrix of the Goods, Chattels &
Credits of Arthur J. Caldecott, Deceased,
Plaintiff-Appellee-Appellant,
v.
LONG ISLAND LIGHTING COMPANY, Defendant-Appellant-Appellee.
 Nos. 31, 32, Dockets 33378, 33379.
 United States Court of Appeals Second Circuit.
 Argued Sept. 10, 1969.
Decided Oct. 28, 1969.
 
 Joseph P. Napoli, New York City (Harry H. Lipsig, New York City, and Joseph B. Castleman, of counsel), for plaintiff-appellee-appellant.
 E. Richard Rimmels, Jr., Garden City, N.Y. (Edward M. Barrett, Mineola, N.Y., Francis J. Healy, Montfort, Healy, McGuire & Salley, Garden City, N.Y., of counsel), for defendant-appellant-appellee.
 Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 This is a diversity action for wrongful death and pain and suffering of the plaintiff's intestate. Plaintiff's husband died of suffocation and burns in his basement on February 25, 1964. Shortly after her husband went to the cellar, plaintiff heard a loud noise like a bomb. She called to her husband who did not answer, and another loud noise followed shortly thereafter. The cause of the explosion and fire was in dispute. The jury's verdict against the defendant lighting company was based on evidence that a gas leak in the cellar had been reported to the company some time before the day of the explosion and evidence that the company's meter was in a defective condition, causing a gas leak. The jury returned a verdict for the plaintiff in the amount of $150,000 on the claim for wrongful death and for $50,000 on the claim for conscious pain and suffering. Pre-judgment interest was fixed at a rate of 6% In accordance with the trial court's instructions. From the judgment on the verdict and from orders denying motion for new trial or for judgment notwithstanding the verdict, defendant appeals. Plaintiff cross-appeals from the amount of the verdict on a claim that the pre-judgment interest rate should be 7 1/2% Instead of the 6% Allowed by the trial court. We find no error on the cross-appeal. We find error in the amount of the judgment on the claim for conscious pain and suffering. We affirm the judgment on the claim for wrongful death and reverse and remand the judgment on the claim for conscious pain and suffering, with instructions to order a remittitur in the amount of $40,000 on the claim for conscious pain and suffering, or in the alternative a new trial limited to the amount of damages on that claim.
 
 
 2
 Defendant's principal contention is that plaintiff failed to make out a prima facie case of negligence on the part of the defendant. Considering all the evidence before the jury, however, as we are required to do, it appears that there was evidence from which the jury could find that the leak in the meter was sufficient to allow enough gas to escape to account for the explosion, that plaintiff had smelled gas in the days before the accident and had notified the defendant, that the leak in the meter had been from a larger hole than that testified to by defendant's witnesses, since the explosion would have reduced the hole in size by the flow of the metal melted in the explosion, that the defendant by reason of plaintiff's warning should have known of the defect in the meter, and that the defendant failed to advise the fire marshal of the defect. The defendant's prompt removal of the meter following the accident and the failure of defendant to produce it or satisfactorily explain its inability to do so were facts from which the jury might draw an inference supporting plaintiff's expert testimony on the cause of the accident. There was here surely sufficient evidence to go to the jury and to support the jury's finding of negligence.
 
 
 3
 The other contentions of defendant as to trial errors are not well taken. Defendant complains that plaintiff was allowed to testify that the explosion rocked her house off its foundation. This was apparently based on her observing the repairmen later jack up the house to fix it. However, the jury had her other testimony as to the sensation felt at the time of the explosion and could weigh this with the testimony as to the jacking up of the house. It was, of course, open to the defendant to argue that the jacking up was for the purpose of repairing fire damage rather than to correct a movement of the house from the explosion, but this goes to the weight to be accorded her testimony rather than its admissibility. The medical examiner's report was properly admitted under the business entry rule. Gaussen v. United Fruit Co.,412 F.2d 72 (2d Cir.1969). There is here no incentive to falsify because the entry might be used in later litigation by the entrant's employer as in Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943). We do not find that the summing up of plaintiff's counsel strayed unduly from fair comment on the facts and issues in the case. We find no error in the other rulings on evidence which are questioned. The charge, taken as a whole, sufficiently covered the issues including the substance of defendant's requests.
 
 
 4
 The attack on the amount of the verdict on the claim for conscious pain and suffering is, however, well taken. Plaintiff's decedent was dead by the time the firemen reached him, within an hour and a half of the explosion. There is no affirmative evidence that he survived the explosion by any precise amount of time or for how long he was conscious after the explosion. There is evidence, however, that he survived long enough to breathe some soot from the fire into his lungs. If conscious, he must have suffered excruciating pain from his extensive burns during the period before his asphyxiation. The measurement of suffering in monetary terms is extremely difficult, if not frankly impossible, and the courts of New York appear to place a limitation considerably short of the amount of the award in this case to suffering for so short a time. See Cook v. Erwin, 30 A.D.2d 579, 289 N.Y.S.2d 730 (1968). In that case the deceased lived for three hours after the accident with gasoline burns of the second degree on 50% Of his body. A verdict for $15,000 for conscious pain and suffering was held on appeal to be excessive and was reduced to $10,000.[1]
 
 
 5
 We have held that we have the authority to examine the amount of verdicts giving every benefit of the doubt to the trial judge who determined that the verdict was not excessive. Dagnello v. Long Island R.R., 289 F.2d 797 (2d Cir.1961); Wicks v. Henken, 378 F.2d 395 (2d Cir.1967). In Dagnello, we rejected the contention that the Seventh Amendment negates such a power. The Supreme Court appears to agree that the power does exist. Grunenthal v. Long Island R.R., 393 U.S. 156, 89 S.Ct. 331, 21 L.Ed.2d 309 (1968).
 
 
 6
 We have, however, refused to reverse a refusal to set aside verdicts in excess of that in Cook v. Erwin, supra, even though the period of suffering was shorter. See Dellaripa v. New York, N.H. & H. R.R., 257 F.2d 733 (2d Cir. 1958) (death same day, proven period of consciousness, with extreme pain, fear of leg amputation, federal question award of $22,500 upheld).[2] Whether or not the limitations on our powers of review are found in state law, or in the federal constitution and the statutes creating the system of inferior federal courts,[3] the state courts apply standards of excessiveness generally similar to those used by us in federal question cases. The question is whether the award was so grossly excessive in the light of the facts proved that it was an abuse of discretion to allow it to stand. We conclude that in view of the lack of evidence of more than a very short period of survival, the award of $50,000 for conscious pain and suffering is grossly excessive in the light of the level of recovery approved in federal and state courts in cases during recent years and must be set aside unless a remittitur of $40,000 is filed.
 
 
 7
 Plaintiff's cross-appeal seeking an increase in the rate of interest from 6% To 7 1/2% Is based upon N.Y.Civ. Practice Law & Rules 5004 (McKinney 1963) providing that the rate of interest shall be at the legal rate, except where otherwise prescribed by statute, on the provision of the N.Y. General Obligations Law, McKinney's Consol.Laws, c. 24-A, 5-501 (McKinney Supp.1969) (effective July 1, 1968), and on the fixing by the Banking Board thereunder of a 7 1/2% Rate. These provisions, however, refer in terms only to a rate of interest computed upon the loan or forbearance of any money, goods or things in action, and have been interpreted not to apply to interest liability attaching to a negligence action for wrongful death, but only to commercial transactions. See Belcher v. Kesten (Sup.Ct. Queens Cty., N.Y. July 28, 1969), in N.Y.L.J., July 29, 1969, at 11, col. 5. Compare Siegel, Supplementary Practice Commentary; The Dispute Over the 'Legal Rate' of Interest, N.Y.Civ. Practice Law & Rules 5004 (McKinney Supp.1969) at 132-135. This appears to be a reasonable interpretation and, in the absence of other New York decisions on the question, we follow it.
 
 
 8
 Affirmed on plaintiff's cross-appeal. Affirmed on defendant's appeal so far as the judgment for wrongful death is concerned. Reversed for new trial on the amount of the award for conscious pain and suffering unless remittitur of $40,000 reducing that award to $10,000 is filed, in which case affirmed.
 
 
 
 [1]
 See also Riolo v. Liebman Bathroom Specialties, Inc., 31 A.D.2d 633, 295 N.Y.S.2d 962 (1968), appeal dismissed, 24 N.Y.2d 821, 300 N.Y.S.2d 597, 248 N.E.2d 450 (1969) ($7600 reduced to $5000); Statella v. Robert Chuckrow Construction Co., 28 A.D.2d 669, 281 N.Y.S.2d 215 (1967) ($15,000 grossly excessive, reduced to $5000); Maloney v. Scarfone, 25 A.D.2d 630, 267 N.Y.S.2d 929 (1966) (nothing over $5000 acceptable); Rizzo v. Long Island R.R., 23 A.D.2d 762, 258 N.Y.S.2d 576 (1965) (train collision, $10,000 reduced to $3500); Lates v. Health Insurance Plan of Greater New York, 19 A.D.2d 629, 241 N.Y.S.2d 17, aff'd 13 N.Y.2d 920, 244 N.Y.S.2d 68, 193 N.E.2d 893 (1963) ($22,000 reduced to $5000); Murdrick v. Shotwell, 18 A.D.2d 694, 236 N.Y.S.2d 87 (1962) ($5000 reduced to $2500); Josephson v. Wibrew, 15 A.D.2d 533, 222 N.Y.S.2d 739, aff'd 12 N.Y.2d 930, 238 N.Y.S.2d 315, 188 N.E.2d 526 (1963) ($34,000 reduced to $14,000); Zalewitz v. Greifinger, 14 A.D.2d 750, 220 N.Y.S.2d 467 (1961) ($20,000 reduced to $10,000); Comerford v. Greater New York Councils-- Boy Scouts of America, 10 A.D.2d 683, 200 N.Y.S.2d 90 (1960) (retrial ordered on other grounds, youth died in fire, $10,000 excessive); and Kimmel v. Solow, 10 A.D.2d 855, 199 N.Y.S.2d 375 (1960) ($5000 upheld)
 
 
 [2]
 See also United States v. Furumizo, 381 F.2d 965 (9th Cir. 1967) (diversity jurisdiction as to one defendant, almost instant death in plane crash, $15,000 awarded by the trial court without a jury upheld); Compania Transatlantica Espanola, S.A. v. Melandez Torres, 358 F.2d 209 (1st Cir. 1966) (admiralty, fall and live mostly unconscious 3 hours, $55,000 set aside); Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583, 96 A.L.R.2d 1085 (2d Cir. 1961), cross petition for cert. denied, 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526, 370 U.S. 937, 82 S.Ct. 1577 (1962) (Death on High Seas Act, swam in water till death, $300 per hour excessive-- cut to $150 per hour); Petition of The Diesel Tanker A.C. Dodge, Inc., 282 F.2d 86 (2d Cir. 1960) (admiralty, probably conscious while enveloped in flames, $5000 upheld); Renaldi v. New York, N.H. & H.R.R., 230 F.2d 841, 59 A.L.R.2d 1371 (2d Cir. 1956) (federal question, $10,000 upheld); and Petition of Marina Mercante Nicaraguense, S. A., 248 F.Supp. 15 (S.D.N.Y.1965), modified on other grounds, 364 F.2d 118 (2d Cir. 1966), cert. denied Marina Mercante Nicaraguense, S.A., v. McAllister Bros., Inc., 385 U.S. 1005, 87 S.Ct. 710, 17 L.Ed.2d 544 (1967) (2 or 3 minutes till drowned, $1500 upheld)
 
 
 [3]
 Cf. Lebeck v. William A. Jarvis, Inc., 250 F.2d 285, 287-288 (3d Cir. 1957)