■ SHELDON J. RUHL, as Administrator of the Estate of GERALDINE F. RUHL, Deceased, Respondent-Appellant, v. GEORGIANA R. SMITH et al., Appellants-Respondents.— Appeals by defendants from a judgment of the Supreme Court, entered December 23, 1970 in Schenectady County, on a verdict in favor of the plaintiff, and by defendant Smith from an order of said court, entered January 14, 1971, which denied defendant's motion to set aside the verdict. Plaintiff cross-appeals from so much of the judgment as was based on an order entered January 14, 1971, which denied plaintiff's motion to amend the complaint. In this negligence action decedent was a passenger in one of the two vehicles involved in the accident. Her estate brought an action for wrongful death and conscious pain and suffering against the operators of both vehicles. The jury found against both in the sum of $70,000 for the wrongful death action and $30,834.45 in the other cause of action, including $28,000 for conscious pain and suffering. The trial court reduced the wrongful death verdict to $50,000, which was the amount demanded in the complaint. Both defendants contend the verdicts are excessive. Decedent, age 48, was unemployed and was in chronic poor health. She was the housekeeper for her 81-year-old father who was her sole distributee. He maintained the household and paid all of the expenses for the support of decedent. His life expectancy was approximately six years. Since recovery is based solely on pecuniary loss, we are of the opinion that the wrongful death verdict is excessive. As to the other cause of action, the record reveals that decedent sustained multiple injuries including fractures to the arms, legs and ribs, together with lacerations to the face and legs. She had difficulty in breathing and lost considerable blood. While these injuries were extensive and painful, the record further reveals that she survived for approximately nine hours, two of which she was under an anesthetic. She was also under sedation for most of the remaining time. We conclude that the verdict for conscious pain and suffering is also excessive. (See *O'Malley* v. *Anchor Motor Frgt. Corp.,* 1 A D 2d 689.) One

additional issue is raised by defendant Moore. During the trial he settled with the operator of the other vehicle who had brought an action for personal injuries, but was unable to settle with this plaintiff. Before the trial was resumed he moved for a mistrial, maintaining that he would be prejudiced if he had to continue. The court denied the motion. This was discretionary with the court, and on this record we should not disturb his ruling. (CPLR 4402.) It is significant that he carefully charged the jury that they were not to speculate, consider or infer anything from the fact that one of the defendants was no longer a part of the litigation as far as her personal injury action was concerned. Judgment reversed, on the law and the facts, and a new trial ordered as to damages only, unless within 20 days after service of a copy of the order to be entered hereon, plaintiff shall stipulate to reduce the verdict in the cause of action for wrongful death to $25,000 and interest, and to reduce the verdict in the cause of action for conscious pain and suffering to $15,000, in which event, judgment as reduced, affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.