## Weiner v. White Motor Company, Appellant.

Argued September 19, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*William J. McKinley, Jr.,* with him *Swartz, Campbell & Detweiler,* for appellant.

*James E. Beasley,* with him *Jeffrey M. Stopford,* and *Beasley, Hewson, Casey, Kraft & Colleran,* for appellee.

*Victor L. Drexel,* for additional defendant.

OPINION PER CURIAM, November 28, 1972:
Judgment affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:

I join in Judge PACKEL's dissenting opinion to the extent that he finds the jury's specific award of $35,000 for pain and suffering excessive under the circumstances of this case. I do not, however, feel that we should usurp the jury's function by arbitrarily setting the amount of such damages.

I would affirm the judgment of the court below with respect to the jury's award of damages of $345,000 in the wrongful death action and $60,000 in the survival action, but would reverse the specific award for pain and suffering and remand the case for a new trial limited to that issue.

---

DISSENTING OPINION BY PACKEL, J.:

I agree with the appellee's position that the court below did not err in permitting the submission to the jury of the defendant's liability under Section 402A of Restatement 2d, Torts. I do not agree with the appellee that we cannot review the issue of whether the award for pain and suffering was excessive. The appellant gave formal appeal notice of the issue that there should be no such award and, therefore, should not be precluded from raising the issue of its excessiveness, which was briefed and argued before us.

As a result of a sudden burst of fire in a relatively new truck, a rider jumped out of the truck as it was stopping. He rolled down a bank and then got up and

ran around the back of the long truck and trailer. When he came to the front of the truck, he saw the driver lying on the ground. The driver's death was due to third degree burns over 80% of his body. On the basis of this circumstantial evidence that the driver suffered pain before his death, the jury made a specific award of $35,000 for pain and suffering. In addition, the jury awarded damages of $345,000 under the wrongful death action and $60,000 under the survival action.

Since the driver's body was outside the truck and there was no evidence of any explosion which could have thrown him there, it was reasonable for the jury to conclude that he did not die instantaneously. Although there is no measuring rod for pain and suffering, a significant factor is its duration. The facts in the record do not support a conclusion that the duration of the pain was more than for a very brief period, and in all probability for a period of less than a minute.

An appellate court will disturb a jury's verdict only when it is so grossly excessive as to shock the court's sense of justice. *Connolly v. Phila. Transit Co.*, 420 Pa. 280, 216 A. 2d 60 (1966). A determination of excessiveness in this type of case is particularly difficult. Not only is there the wide range which exists in trying to assess damages for pain and suffering, but there is also the intangible judicial issue of determining whether the award is so different from the range that it should be declared invalid. Each case, of course, must stand on its own footing. Nonetheless, the matter cannot be decided in a vacuum so that some resort should be had to the benefit of judicial experience.

An analysis has been made in the following table of the death cases where courts have reviewed the issue of excessiveness of awards in the past 15 years for pain and suffering which had a duration of less than a day:

## PAIN AND SUFFERING AWARDS IN DEATH CASES

| DURATION | AWARD | APPROVED UNLESS OTHERWISE INDICATED | REFERENCE |
|---|---|---|---|
| 1-2 seconds | $1,000 | | 179 F. Supp. 688 (1959) |
| almost instantaneous | $15,000 | | 381 F. 2d 965 (1967) |
| drowning | $2,000 | | 344 F. 2d 590 (1965) |
| 2-3 minutes | $1,500 | | 248 F. Supp. 15 (1965) |
| several minutes | $10,000 | | 415 S.W. 2d 489 (1967) |
| 5 minutes | $5,000 | | 282 F. 2d 86 (1960) |
| minutes | $5,000 | | 296 F. Supp. 837 (Pa. 1968) |
| fire | $10,000 | Excessive | 200 NYS 2d 90 (1960) |
| mid-air collision | $5,000 | | 200 F. Supp. 475 (Pa. 1961) |
| suffocation | $12,000 | | 334 S.W. 2d 869 (1960) |
| less than 1 hour | $1,000 | | 229 NYS 2d 441 (1962) |
| asphyxiation | $50,000 | $10,000 | 417 F. 2d 994 (1969) |
| 30 minutes | $7,500 | | 304 F. Supp. 173 (Pa. 1969) |
| 1 hour | $4,500 | | 122 So. 2d 845 (1960) |
| 1½ hours | $7,500 | | 170 N.E. 2d 703 (1960) |
| 2 hours | $6,000-$10,000 | Excessive | 159 N.W. 2d 431 (1968) |
| 2¾ hours | $6,000 | | 98 N.J. Super. 47 (1967) |
| 3 hours | $15,000 | $10,000 | 289 NYS 2d 730 (1968) |
| 3 hours | $9,000 | | 298 S.W. 2d 905 (1957) |
| 4 hours | $6,000 | | 225 A. 2d 171 (1966) |
| 7 hours | $5,000 | $3,500 | 82 N.W. 2d 886 (1957) |
| 8 hours | $3,000 | | 252 F. Supp. 615 (1966) |
| 9 hours | $28,000 | $15,000 | 326 NYS 2d 78 (1971) |
| 10¾ hours | $7,500 | | 163 N.E. 2d 902 (1959) |
| 11¾ hours | $7,500 | | 163 N.E. 2d 796 (1958) |
| same day | $22,500 | | 257 F. 2d 733 (1958) |
| 10 hrs.-50 hrs. | $300/hr. | $150/hr. | 295 F. 2d 583 (1961) |
| 23 hrs. | $50,260 | | 225 So. 2d 459 (1969) |

It is to be noted that in the three Pennsylvania cases the respective awards which were found not to be excessive were $5,000, $5,000 and $7,500. It is sig-

nificant to observe that in *Caldecott v. Long Island Lighting Co.*, 417 F. 2d 994 (2d Cir. 1969), the court on appeal reduced a judgment of $50,000 to $10,000. There, as in the instant case, the duration of survival, after a fire, was very short. In *Skoda v. W. Penn Power Co.*, 411 Pa. 323, 337, 191 A. 2d 822, 830 (1963), our Supreme Court held that a portion of a combined award of $131,556.15 for loss of future profits and pain and suffering was not excessive in view of third degree burns over 65% of the body, but as the Court pointed out, the decedent "lived for 55 days in a condition of excruciating pain." Of course, pain and suffering is not to be assigned a monetary value by a mathematical ratio proportionate to its duration. In the light of the facts and the experience of courts in comparable cases, and without making any determination of what would be an appropriate award by a factfinder, I believe that the award for pain and suffering in this case of any amount above $10,000 would be clearly excessive.

Accordingly, I would affirm the judgment of the court below but would modify the judgment so that the award for pain and suffering would be $10,000.[1]

---

[1] The power of an appellate court to reduce the amount of a judgment has been determined in *Dornon v. McCarthy*, 412 Pa. 595, 195 A. 2d 520 (1963). The Appellate Court Jurisdiction Act, July 31, 1970, P. L. 673, Article V, §504, 17 P.S. §211.504, confers broad appellate powers.