■ ROBERT V. JONES, as Administrator of the Estate of ROBERT V. JONES, II, Deceased, Appellant, v ANTHONY T. SIMEONE et al., Respondents.—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Seneca County, for a new trial on the issue of damages, in accordance with the following memorandum: In this wrongful death action, the administrator of the estate of Robert V. Jones, II, appeals from a judgment entered upon a jury verdict which awarded damages of $15,000 for the wrongful death of plaintiff's decedent; apportioned liability at 45% for defendant Michele Simeone and 55% for decedent, thereby reducing plaintiff's award to $6,750; and failed to award damages for conscious pain and suffering. We find that the evidence supports the jury's award of damages for wrongful death and apportionment of liability but that the jury's failure to award damages for conscious pain and suffering is against the weight of the evidence. The testimony established that decedent died at 11:00 P.M. as a result of injuries sustained when his motorcycle struck defendant's vehicle at approximately 8:30 P.M. The apportionment of liability at 45%-55% is supported by evidence which established that defendant was negligent in failing to observe decedent's motorcycle when she proceeded across the path of oncoming traffic and that decedent was negligent in operating his motorcycle in excess of the speed limit. On the issue of the decedent's pain and suffering, two ambulance attendants testified that, following the accident, decedent was alert; his eyes were open; he was able to squeeze the attendant's hand; he partially removed his motorcycle helmet; he spoke several words to one of the attendants; he made thrashing movements with his arms and legs and was resistant to medical treatment until he lapsed into unconsciousness at approximately 10:00 P.M. Where, as here, the interval between injury and death is relatively brief, an award for conscious pain and suffering depends on several factors, including the degree of consciousness, severity of pain, and apprehension of impending death along with the duration of the suffering (*Juiditta v Bethlehem Steel Corp.*, 75 AD2d 126; *Cook v Erwin*, 30 AD2d 579). As the uncontradicted evidence established that decedent was con-

scious for some period, experienced severe pain as a result of massive head injuries, multiple fractures, and the severance of his right subclavian artery, resulting in profuse bleeding, the jury's verdict is not based on a fair interpretation of the evidence. The matter should therefore be remitted for a new trial on the issue of damages for conscious pain and suffering. We have reviewed plaintiff's other claims of error in the admission of evidence and in the court's charge to the jury but find them to be without merit. (Appeal from judgment of Supreme Court, Seneca County, DePasquale, J.—wrongful death.) Present—Dillon, P. J., Hancock, Jr., Doerr, Denman and O'Donnell, JJ.