Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.

AMERICAN BLUING Co., INC., Respondent, v BENNETT DISTRIBUTORS, INC., Appellant. Memorandum: The court erred in granting plaintiff summary judgment for the price of goods sold because defendant has raised a factual issue with respect to whether the purchaser was defendant broker, or defendant's customer to whom the goods were shipped. Defendant alleged, and plaintiff did not deny, that before the date of the invoice showing a sale to defendant and shipment to defendant's customer, plaintiff had directed defendant to notify its customers that billing and payment would be handled directly between plaintiff and defendant's customers, although orders would still be placed through defendant. Therefore, an issue of fact exists as to whether defendant or defendant's customer is responsible for payment to plaintiff (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). (Appeal from order of Supreme Court, Erie County, Kuszynski, J.—summary judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.

SUSAN B. SNYDER, Respondent, v CITY OF ROCHESTER, Appellant. Memorandum: Plaintiff was injured in a one-car accident while driving her boyfriend's car. She claims that the defendant City of Rochester is liable because over two hours earlier one of its police officers gave her the keys to the car and directed her to remove it from the scene or face arrest despite her boyfriend's protestations that she not be allowed to drive and offers to pay for towing and the officer's knowledge that she was extremely intoxicated.

Defendant moved for summary judgment dismissing the complaint contending that, even assuming the truth of plaintiff's factual allegations, defendant's police owed no special duty to provide police protection to plaintiff and were not negligent as a matter of law. Special Term denied the motion, concluding that special relationship, foreseeability and proximate cause are factual issues for the jury to resolve.

This is not a police protection case. Plaintiff claims essentially that the police negligently entrusted the vehicle to her control and that this negligence was a proximate cause of her accident and injuries. Liability may be imposed upon a municipality where such voluntary acts are a substantial factor in

causing the accident and the occurrence of an accident was reasonably foreseeable *(see, Maloney v Scarfone,* 25 AD2d 630; *Benway v City of Watertown,* 1 AD2d 465). Special Term correctly determined that factual issues existed as to foreseeability and proximate cause *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, *rearg denied* 52 NY2d 784; *see also,* Prosser and Keeton, Torts § 45 [5th ed]). (Appeal from order of Supreme Court, Monroe County, Conway, J.—summary judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.