■ DEODAT PERSAUD et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [699 NYS2d 481] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated July 1, 1998, which granted the motion of the defendants City of New York and Police Officer Francis Knowles for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The defendant Carmela E. Mero left her 19-year-old daughter, the defendant Maithe Mero, sitting in the passenger seat of her car, which was parked in a no-standing zone. Maithe Mero did not have a driver's license and did not know how to drive. The defendant Police Officer Francis Knowles saw the car and waved to Maithe Mero to move it. According to Maithe Mero, the officer "kept waving" at her to move, so she felt compelled to slip into the driver's seat, start the engine, and move the car. She lost control, drove up onto the sidewalk, and injured the plaintiff Deodat Persaud.

The alleged liability of the municipal defendants is predicated upon the misfeasance of the defendant police officer in directing Maithe Mero to move without inquiring as to whether she was licensed to drive. Once the police officer undertook to direct her to move the car, he was obligated to do so with due care (*see, Parvi v City of Kingston,* 41 NY2d 553). Accordingly, the plaintiffs were not required to demonstrate a special relationship (*see, Bernardine v City of New York,* 294 NY 361; *cf., Balsam v Delma Eng'g Corp.,* 90 NY2d 966).

Liability can be imposed upon a police officer for negligently directing a citizen to move a vehicle (*see, Kovit v Estate of Hallums,* 261 AD2d 442; *Maloney v Scarfone,* 25 AD2d 630). In this case, the plaintiff submitted an affidavit from an expert, stating that the defendant police officer deviated from standard police practice in directing a person sitting in the passenger seat to move the car, without inquiring as to whether she was licensed to drive. That affidavit established that there was an issue of fact which precluded granting summary judgment (*see, Peckman v Mutual Life Ins. Co.,* 125 AD2d 244).

The respondents' remaining contention is without merit (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Ritter, J. P., Joy, Goldstein and McGinity, JJ., concur.