■ NORMAN LAZAN et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [783 NYS2d 70]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 8, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Where, as here, the complaint alleges that a police officer undertook to direct the injured plaintiff to move his vehicle off the Long Island Expressway, the Supreme Court correctly characterized the plaintiffs' allegations against the defendant as misfeasance rather than nonfeasance (*see Kovit v Estate of Hallums,* 261 AD2d 442 [1999]; *see also Persaud v City of New York,* 267 AD2d 220 [1999]). As such, the plaintiffs were not required to demonstrate the existence of a special relationship with the defendant (*see Persaud v City of New York, supra; cf. Escribano v Town of Haverstraw,* 303 AD2d 621 [2003]).

There is a triable issue of fact as to whether, under the attendant circumstances, the officer was negligent in directing the injured plaintiff to move his vehicle from the shoulder of the expressway (*see Kovit v Estate of Hallums, supra; Persaud v City of New York, supra*). Accordingly, the Supreme Court correctly denied the motion for summary judgment. H. Miller, J.P., Goldstein, Cozier and Skelos, JJ., concur.