■ ERIC RAMOS et al., Appellants, v MELISSA CHARLES et al., Defendants, and CITY OF NEW YORK, Respondent. [897 NYS2d 715]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), dated June 9, 2009, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and denied their cross motion for summary judgment on the issue of liability against the defendant City of New York.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The defendant Melissa Charles left her 17-year-old son, the defendant Ramon Anthony Cannon, sitting in the passenger seat of her car, which was double parked outside of a hotel in Brooklyn. Cannon did not have a driver's license and did not know how to drive an automobile. Cannon testified at his deposition that an unknown police officer employed by the defendant City of New York saw the car and directed him on two separate occasions to move it, even though Cannon told the officer that he did not possess a driver's license. After the second directive, Cannon attempted to move the car, lost control, drove up onto the sidewalk on the other side of the street, and struck and allegedly injured the plaintiff Eric Ramos. Eric Ramos and his wife, Norma Torres, suing derivatively (hereinafter together the plaintiffs), commenced this action against the City, Charles, and Cannon. The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and the plaintiffs cross-moved for summary judgment on the issue of liability against the City. The Supreme Court granted the City's motion and denied the plaintiffs' cross motion. We modify.

The Supreme Court erred in awarding summary judgment in favor of the City. The City failed to satisfy its prima facie burden of establishing its entitlement to judgment as a matter of law. In support of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, the City proffered, inter alia, the deposition testimony of Cannon and that of Sergeant Edward Accardi, the individual who was in charge of "traffic detail" in the 84th Precinct (which covered the area of the accident) on the day of the accident and who testified that none of the officers assigned to him had any responsibility for the location where the accident occurred and, hence, would not have been there. Cannon's deposition testimony, when viewed in the light most favorable to the plaintiffs (*see Wilson v Rojas*, 63 AD3d 1048, 1049 [2009]) along with the other evidence submitted by the City in support of its motion, supports the conclusion that the alleged conduct of the unknown police officer would constitute misfeasance (*see generally Persaud v City of New York*, 267 AD2d 220 [1999]). Since there is conflicting testimony as to what, if anything, was actually said to Cannon, and/or by whom, the City should not have been awarded summary judgment, as triable issues of fact exist as to the circumstances leading up to Cannon moving the car (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The City's remaining contentions are without merit. In light of our determination, we need not examine the sufficiency of the plaintiffs' opposing papers. For the same reasons as noted above, the plaintiffs' cross motion for summary judgment on the issue of liability was properly denied. Dillon, J.P., Florio, Miller and Austin, JJ., concur. **[Prior Case History: 23 Misc 3d 1136(A), 2009 NY Slip Op 51157(U).]**